NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MICHAEL LINWOOD MARTIN,          :
                                 :     Civil Action No. 05-4617 (JLL)
                    Plaintiff,   :
                                 :
            v.                   :     OPINION
                                 :
DANIEL T. KEITEL,                :
et al.,                          :
                                 :
                    Defendants.  :

APPEARANCES:

Plaintiff pro se
Michael Linwood Martin
267760/ SBI 875471B
South Woods State Prison
215 S. Burlington Road
Bridgeton, NJ 08301

LINARES, District Judge

       Plaintiff Michael Linwood Martin, a prisoner currently

confined at South Woods State Prison, seeks to bring this action

in forma pauperis pursuant to 42 U.S.C. § 1983, alleging

violations of his constitutional rights.  Based on his affidavit

of indigence and the absence of three qualifying dismissals

within 28 U.S.C. § 1915(g), the Court will grant Plaintiff's

application to proceed in forma pauperis pursuant to 28 U.S.C.

§ 1915(a) and order the Clerk of the Court to file the Complaint.

       At this time, the Court must review the Complaint to

determine whether it should be dismissed as frivolous or

malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

## I.   BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review.

On March 25, 1993, Plaintiff was charged with thirteen criminal counts in Essex County Indictment No. 93-3-1193. Plaintiff succeeded in severing the indictment into two trials, as a result of which he was convicted on 12 of the 13 counts. Plaintiff currently is confined pursuant to that conviction. Plaintiff contends that the indictment signed as a true bill by the grand jury foreman contained only seven counts, and that the Defendants wrongfully had added counts to the indictment after the conclusion of the grand jury process.  Petitioner contends that the Defendants' actions deprived him of liberty without due process in violation of the Fourteenth Amendment.

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a

2

governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).

3

Where a complaint can be remedied by an amendment, a
district court may not dismiss the complaint with prejudice, but
must permit the amendment.  Denton v. Hernandez, 504 U.S. 25, 34
(1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d
Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane
v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal
pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg
County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

III.   SECTION 1983 ACTIONS

A plaintiff may have a cause of action under 42 U.S.C.
§ 1983 for certain violations of his constitutional rights.
Section 1983 provides in relevant part:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of any State
> or Territory ... subjects, or causes to be subjected,
> any citizen of the United States or other person within
> the jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other
> proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must
allege, first, the violation of a right secured by the
Constitution or laws of the United States and, second, that the
alleged deprivation was committed or caused by a person acting
under color of state law.  West v. Atkins, 487 U.S. 42, 48
(1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir.
1994).

4

IV.   <u>ANALYSIS</u>

"[A] state prosecuting attorney who act[s] within the scope of his duties in initiating and pursuing a criminal prosecution" is not amenable to suit under § 1983.  <u>Imbler v. Pachtman</u>, 424 U.S. 409, 410 (1976).  Thus, a prosecutor's appearance in court as an advocate in support of an application for a search warrant and the presentation of evidence at such a hearing are protected by absolute immunity.  <u>Burns v. Reed</u>, 500 U.S. 478, 492 (1991). Similarly, "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity."  <u>Buckley v. Fitzsimmons</u>, 509 U.S. 259, 273 (1993).  Thus, the defendants here are absolutely immune from this suit based upon their actions in connection with the preparation of the indictment and prosecution of Plaintiff.

V.   <u>CONCLUSION</u>

For the reasons set forth above, the Complaint must be dismissed for failure to state a claim and because the Defendants are immune from this action.   <u>See</u> 28 U.S.C. §§ 1915(e)(2)(B)(ii), (iii) and 1915A(b)(1), (2).   It does not appear that Plaintiff could cure the defects in the Complaint by amending at this time. An appropriate order follows.

_____
Jose L. Linares
United States District Judge

Dated:   10/11/05